UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY E. SANDOVAL, *et al.*,

    Plaintiffs,

v.

CHRISTINA M. BEESON, *et al.*,

    Defendants.

Case No. C18-0680RSM

ORDER OF DISMISSAL

This matter comes before the Court on *pro se* Plaintiffs' Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child. Dkt. #10. For the reasons set forth below, the Court DENIES the motion and DISMISSES this action for lack of subject matter jurisdiction.

Plaintiffs have brought this matter before the Court alleging civil rights violations under 42 U.S.C. § 1983. In the Complaint, Plaintiffs allege that a minor child has been unlawfully removed from the custody of her maternal grandmother without due process of law. Dkt. #9. They name as Defendants two social workers for Washington's Department of Health and Human Services. They further allege that these social workers lied to the state court in a series of motions pertaining to the removal of two minor children from the care of their former caregivers. *Id.* Plaintiffs state that a hearing for the termination of parental rights with respect to one of the children is scheduled for June 4, 2018. *Id.* As a result, Plaintiffs asks this Court to issue an Order declaring that Defendants have violated the Constitution, issue an injunction

ORDER OF DISMISSAL
PAGE - 1

enjoining Defendant from engaging in unconstitutional acts, return one child to the custody of his biological parents and the other child to the custody of her maternal grandmother, and order Defendants to correct all of the documents with respect to the races of the mother and children. Dkt. #9 at 4.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his or her case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears that subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010) (explaining that even if not raised by the parties, a federal court has an independent obligation to address subject matter jurisdiction before turning to the merits); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (noting that "[l]ack of subject matter jurisdiction can be raised by a court's own motion at any time"). An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear that the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In this case, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' Complaint because, although captioned as one arising under 42 U.S.C. § 1983, Plaintiff fails to actually allege such a claim or any other basis for federal jurisdiction. On a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. 42 U.S.C. § 1983. A review of the instant Complaint reveals no facts supporting such a claim, even when construed liberally toward these *pro se* Plaintiffs. Plaintiffs have failed to allege facts sufficient to support any alleged violation of a right guaranteed by the United States Constitution. Further, given the nature of the Complaint, which appears to be related to a custody dispute and child protective proceedings, the Court can find no other basis for federal jurisdiction.

Finally, "[u]nder *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature." *San Remo Hotel*, 145 F.3d at 1103; *see also Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id*. "When the case is one in which the Younger doctrine applies, the case must be dismissed." *H.C*., 203 F.3d at 613. The Court finds that all three *Younger* requirements are satisfied in this case. First, there appears to be ongoing state court proceeding. For the purposes of *Younger* abstention, the critical question is whether the state proceedings were underway before initiation of the federal action. *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). Here, Plaintiffs allege that state court proceedings were underway prior to the filing of this matter, and there is at least one more hearing scheduled for June. Second,

ORDER OF DISMISSAL
PAGE - 3

this case implicates important state interests. Plaintiffs' action arises from child protective proceedings initiated by the State of Washington. Third, Plaintiffs have an adequate opportunity to raise their federal constitutional claims in state court. Under *Younger*, federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003). Moreover, *Younger* abstention applies "even if the constitutionality of the pending proceeding is at the heart of [p]laintiff's claim." *Id*. Here, Plaintiffs' alleged constitutional violations are inextricably intertwined with the ongoing child protective proceedings in state court, and they can seek redress in that court. For all of these reasons, the Court also finds that amendment would be futile.

Accordingly, the Court hereby finds and ORDERS:

(1) Plaintiffs' Petition and Emergency Motion (Dkt. #10) is DENIED and this matter is DISMISSED for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

(2) This case is now CLOSED.

(3) The CLERK shall forward a copy of this Order to *pro se* Plaintiff by U.S. Mail.

DATED this 22 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

/